# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MARTIN GOMEZ, | : | Civil No. 1:24-CV-00032 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JESSICA SAGE, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Petitioner Anthony Martin Gomez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Petitioner, a federal inmate currently housed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), appears to be alleging that being held in a private commercial prison in Pennsylvania rather than in a prison in his home state of New York is in violation of the Thirteenth and Fourteenth Amendments.  (Doc. 1.)  Following review of Respondent's response addressing Petitioner's good conduct credits and his credits under the First Step Act ("FSA"), Petitioner filed a motion to strike the response or, in the alternative, seeking certification of the United States' authority to imprison a citizen of New York in Pennsylvania.  (Doc. 10.)  He also filed an application and complaint petitioning for extraordinary remedy in nature of common law habeas corpus in relief from unlawful execution of imprisonment in Pennsylvania, which the court deems to be a second petition for habeas relief.  For

the reasons set forth below, the court will dismiss both habeas petitions and deny the motion to strike.

## PROCEDURAL HISTORY

Petitioner is serving a 37-month sentence for conspiracy to distribute a controlled substance. *See United States v. Gomez*, No. 2:22-cr-606, Doc. 30 (D.N.J. Mar. 2, 2023). He is currently housed at USP-Lewisburg. Petitioner initiated this action by filing a § 2241 petition in January of 2024. (Doc. 1.) Petitioner's argument in this petition is not clear. He addresses the FSA and good conduct time credits, but asserts there is no dispute or disagreement concerning these credits. (*Id.*, ¶ 8.) Instead, the petition states the following:

> The only disagreement here is defendant Sage directly and indirectly through her Prison's Unit Employees states that defendant Sage's imprisonment of plaintiff Gomez in the State of Pennsylvania at the Prison Facility is NOT in execution of the United States District Court's judicial Sentence. But on the contrary, defendant Sage and her Case Manager employees readily declare plaintiff Gomez is imprisoned in Pennsylvania solely in execution of private commercial incarceration Contract with a Third Party that produce personal income enrichment and business profits for defendant Sage and Unit Employees and Prion Industries.

(*Id.*, ¶ 9.)

The court entered a show cause order on February 5, 2024. (Docs. 7, 8.) Respondent filed a response on February 26, 2024, addressing Petitioner's good conduct time credits and his FSA time credits. (Doc. 9.) Petitioner did not file a traverse. However, Petitioner did file a motion to strike the response, clarifying

that his dispute is Respondent's "authority to imprison a New York citizen in Pennsylvania solely in execution of private commercial incarceration Contract obtaining for the Warden and staff personal income enrichment and business profits . . . ."  (Doc. 10.)  He further alleges that the United States does not have standing to appear in this action because the Respondent is the Warden of a private prison.  (Doc. 10, p. 4.)  Petitioner also filed an application and complaint petitioning for extraordinary remedy in nature of common law habeas corpus in relief from unlawful execution of imprisonment in Pennsylvania.  (Doc. 11.)

DISCUSSION

Here, Petitioner's intent in filing the original petition is vague.  But, after review of multiple filings, it appears that Petitioner is challenging what he believes to be his unlawful incarceration in Pennsylvania because he is a New York citizen. (Docs. 10, 11.)  Respondent reads the petition as a challenge to the application of the FSA and good conduct time credits.  (Doc. 9.) [1] The court will first address Petitioner's claim that he is being unlawfully detained in a private penitentiary in Pennsylvania.  Next, the court will address the FSA and good conduct time credits

---

[1] The court notes that Respondent has characterized the petition as "alleging he has not been properly credited with time credits as required under the First Step Act (FSA TCs) and good conduct time (GCT).  He requests the Court order the Bureau of Prisons (BOP) to apply his credits and order his immediate transfer to New York State for home confinement."  (Doc. 9, p. 1.)

because it is unclear what Petitioner is trying to achieve in raising the issue in the petition.

### A. Petitioner is a Federal Inmate in the Custody of the BOP

As a starting point, the court will address the authority of the United States over Petitioner since Petitioner has challenged this in his motion to strike.

Petitioner was convicted in the United States District Court for the District of New Jersey under a federal criminal statute, 21 U.S.C. § 846, for conspiracy to distribute a controlled substance, and sentenced to a 37-month term of imprisonment. *See Gomez*, No. 2:22-cr-606, Doc. 30. Under 18 U.S.C. § 3621(a), a person found guilty of an offense described in any federal statute and sentenced to a term of imprisonment "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released from satisfactory behavior pursuant to the provisions of section 3624." *See also* 18 U.S.C. § 3551(a). The Bureau of Prisons has the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b); *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 239 (3d Cir. 2005).

Respondent is the Warden of a federally-owned and operated facility. *See below*. As such, Respondent is represented by the United States Attorney for the Middle District of Pennsylvania. (Doc. 9.) As a result, Petitioner's motion to strike the response filed by the United States Attorney will be denied.

### B. USP-Lewisburg is a Federally-Owned and Operated Facility

The court next considers Petitioner's assertion that he is being unconstitutionally housed outside his home state pursuant to a third-party contract that enriches the Warden at USP-Lewisburg.  (Docs. 1, 10, 11.)  This assertion is both factually and legally incorrect.

First, USP-Lewisburg is a federally-owned and operated facility.  *See* Federal Bureau of Prisons, "USP Lewisburg" https://www.bop.gov/locations/institutions/lew/index.jsp (accessed on Mar. 20, 2024).  Furthermore, no federal inmates are currently housed in privately managed facilities.  *See* Exec. Order No. 14,006, 86 Fed. Reg. 7483 (Jan. 26, 2021) (Reforming Our Incarceration System To Eliminate the Use of Privately Operated Criminal Detention Facilities); *see also* Federal Bureau of Prisons, "Population Statistics" https://www.bop.gov/about/statistics/population_statistics.jsp (accessed on Mar. 20, 2024); *see also* Federal Bureau of Prisons, "BOP Ends Use of Privately Owned Prisons" https://www.bop.gov/resources/news/20221201_ends_use_of_privately_owned_prisons.jsp (accessed on Mar. 20, 2024).

Second, the court appreciates Petitioner's desire to be housed close to home, which in Petitioner's case is in New York.  However, federal prisoners do not have a constitutional right to be housed in the institution of their choice.  *McKune v. Lile*, 536 U.S. 24, 39 (2002).  Once judicially committed to the custody of the

BOP, the Attorney General, acting through the BOP, is responsible for determining the location for service of an offender's sentence.  *See* 18 U.S.C. § 3621(a), (b); 18 U.S.C. § 3624(c); *see also United States v. Delacruz*, NO. 17-77, 2020 WL 3405723, at *4 (M.D. Pa. Jun. 19, 2020) ("[T]he Court is without authority to control the BOP's placement of Defendant–the Court can neither directly assign Defendant to home confinement nor direct the BOP to do so.").

The court also acknowledges that the Second Chance Act of 2007 permits eligible inmates the opportunity to serve some or all of the final twelve months of their sentence in a community correctional facility, also known as a halfway house, or residential reentry center ("RCC").  *See* 18 U.S.C. § 3614(c)(1).  The maximum allowable placement in an RRC is 12 months.  *Id.*  However, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive the full 12 months of pre-release placement.  *See* 18 U.S.C. § 3624(c); *Woodall*, 432 F.3d at 251 (stating that option that "the BOP may assign a prisoner to [an RRC placement] does not mean that it must").

Therefore, Petitioner's claim that he is being held unconstitutionally in a privately managed facility for the material gain of the warden of that facility is without merit, and the petition will be dismissed on these grounds.

**C. The FSA and Good Conduct Time Credits**

Under the FSA, eligible inmates who successfully complete evidence-based recidivism reduction programming or productive activities will receive earned time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation.  *See id.*  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation.  *See id.*

Likewise, all incarcerated persons, other than those serving a life sentence, are eligible for good conduct time credit.  Pursuant to 28 C.F.R. § 523.20(b)(1), the Bureau of Prisons ("BOP") awards inmates up to fifty-four (54) days of good conduct time credit for each year of the sentence imposed by the court.

With respect to this petition, any potential challenge to the calculation or application of credits under the FSA or the good conduct time credit regulation will be dismissed because Petitioner has failed to exhaust his administrative remedies.

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition.

*See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Exhaustion is required "for three reasons: (1) allowing the appropriate agency to

develop a factual record and apply its expertise facilitates judicial review; (2)

permitting agencies to grant the relief requested conserves judicial resources; and

(3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy." *See id*. at 761–62 (citing *Bradshaw v. Carlson*, 682

F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust

his administrative remedies because of a procedural default, and subsequently finds

closed all additional avenues of administrative remedy, cannot secure judicial

review of his habeas claim absent a showing of cause and prejudice." *See id*. at

762.  Exhaustion is not required, however, if there is no opportunity to obtain

adequate redress, if the issue presented only pertains to statutory construction, or if

the prisoner makes an affirmative showing of futility.  *Gambino v. Morris*, 134

F.3d 156, 171 (3d Cir. 1998); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd

Cir. 1986); *Bradshaw*, 682 F.2d at 1052.

     The BOP has a multi-step administrative remedy program allowing an

inmate "to seek formal review of an issue relating to any aspect of his/her own

confinement." *See* 28 C.F.R. § 542.10(a).  First, an inmate should attempt

informal resolution of the issue with the appropriate staff member.  *See id*. §

542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal

written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *See id*. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  *See id*. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *See id*. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *See id*.

The record demonstrates that Petitioner has not filed any administrative remedies during his time at USP-Lewisburg.  (Doc. 9-2, pp. 4–5; Doc. 9-6.)[2] Therefore, he has not exhausted the issue before the BOP.  Here, exhaustion is not futile.  The issue of whether the BOP properly calculated or applied time credits is an issue of fact that can be resolved at the administrative level.  Therefore, the petition will be dismissed in terms of the challenge to the application of time credits based on the failure to exhaust.

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## CONCLUSION

For the reasons set forth above, the court will dismiss both petitions for writ of habeas corpus, deny the motion to strike, and close the case.

A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 26, 2024